UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-11207-EEF-SS** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

## ORDER

STATE FARM'S MOTION TO LIMIT RULE 30(b)(6) NOTICE (Rec. doc. 24)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), for an order limiting the notice of the plaintiff, Catherine Bell ("Bell"), of State Farm's Fed. R. Civ. P. 30(b)(6) deposition. Bell filed this action in state court on September 5, 2006. She alleges that, although State Farm paid a portion of her claims for damages to her Covington home from Hurricane Katrina, it failed to pay all that was due. Rec. doc. 1(Attachment). The petition was removed to federal court.

On April 4, 2008, Bell served State Farm with the notice of deposition which was set for April 14, 2008. The notice included documents to be produced. Rec. doc. 24 (Exhibit A). Bell also subpoenaed State Farm. State Farm contends it was entitled to at least thirty days to respond to the request for documents. Bell argues that, pursuant to Fed. R. Civ. P. 45, it was not required to provide thirty days notice. This issue is moot because State Farm has had more than thirty days to respond.[1]

---

[1] However, State Farm is correct that, as a party, it is entitled to respond to a request for production of documents which, unless shortened by the court, allows thirty (30) days for response.

The rulings on State Farm's specific objections appear below. The primary deficiency with Bell's topics for the examination and the requests for documents is that they are too broad.

<u>Topic 1.1.</u>   Creation of claim file.

State Farm's objection is overruled.

<u>Document request 1.2.</u>

State Farm's objection is sustained.

<u>Topic 2.1.</u>   History of State Farm's policy on claims handling manuals.

State Farm's objection is sustained.

<u>Topic 2.2.</u>   Iterations earlier than Bates nos. 568-583.

State Farm's objection is sustained.

<u>Topic 2.3.</u>   Timely adjustment of claims.

The topic is limited to Hurricane Katrina claims.

<u>Topic 2.5.</u>   Settlement authority.

The topic is limited to the claim made by Bell.

<u>Topic 3.1.</u>   Hiring claims personnel.

State Farm's objection is sustained.

<u>Document request 3.1.</u>

State Farm's objection is sustained.

<u>Topic 3.2.</u>   Training claims personnel.

State Farm's objection is sustained.

<u>Document request 3.2.</u>

State Farm's objection is sustained.

Topic 3.3.    Training claims personnel after Hurricane Katrina

    State Farm's objection is sustained.

Document request 3.3.

    State Farm's objection is sustained.

Topic 3.4.    Xactimate software.

    State Farm's objection is sustained.

Topic 3.5.    Information on a list of eighteen employees.

    State Farm's objection is sustained.

Document request 3.5.

    State Farm's objection is sustained.

Topic 3.6.    Documents relating to Bell's claim.

    State Farm's objection is sustained.

Document request 3.6.

    State Farm's objection is sustained.

Topic 6.1.    Bell's estimate of cost to repair.

    State Farm's objection is overruled.

Document request 6.1.

    State Farm's objection is overruled.

Topic. 6.2.    Bell's estimate of cost to repair.

    State Farm's objection is overruled.

Document request 6.2.

    State Farm's objection is overruled.

Topic 7.1.     Worley companies.

State Farm's objection is sustained.

Topic 7.2.

State Farm's objection is sustained.

Document request 7.2.

State Farm's objection is sustained.

Bell's deadline to submit the pretrial order is **Tuesday, May 27, 2008.** State Farm shall produce its representative(s) to testify on or before **Tuesday, May 20, 2008.** If the parties cannot agree on a date for the deposition prior to May 20, 2007, then the deposition shall be conducted on **May 20th** beginning at 9:00 a.m. at the offices of counsel for State Farm in Covington.

IT IS ORDERED that State Farm's motion (Rec. doc. 24) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 8th day of May, 2008.

**SALLY SHUSHAN
United States Magistrate Judge**